| | |
|---|---|
| RYAN UEHLING,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>MILLENNIUM LABORATORIES, INC., et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 16cv2812-L-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>**[ECF NO. 68]** |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

This lawsuit is a claim by Plaintiff that he was terminated by Defendants in retaliation for raising issues regarding Defendants' potential liability under the False Claims Act, 31 U.S.C. §§ 3729 – 3733. Before the Court is the Joint Motion of the parties for determination of a discovery dispute filed on July 28, 2017. (ECF No. 68). The dispute involves two interrogatories and five requests for production.

<u>Legal Standard</u>

The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the

needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* District courts have broad discretion to determine relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Similarly, district courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

An interrogatory may relate to any matter that may be inquired into under Rule 26(b). Fed. R. Civ. P. 33(a)(2). The responding party must answer each interrogatory by stating the appropriate objection(s) with specificity or by "answer[ing] separately and fully in writing under oath." *Id.* at 33(b). The responding party has the option in certain circumstances to answer an interrogatory by specifying responsive records and making those records available to the interrogating party. *Id.* at 33(d).

Similarly, a party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." *Id.* at 34(b)(2)(B). If the responding party chooses to produce responsive information, rather than allow for inspection, the production must be completed no later than the time specified in the request or another reasonable time specified in the response. *Id.*

An objection to a request for production must state whether any responsive materials are being withheld on the basis of that objection. *Id.* at 34(b)(2)(C). An objection to part of a request must specify the part and permit inspection or production of the rest. *Id.*

Discussion

A. <u>Interrogatories</u>

Unlike Rule 34, which governs requests for production and requires responding parties to identify whether documents are being withheld pursuant to an objection and produce non-objectionable documents, Rule 33, which governs interrogatories, requires only that a party respond to an interrogatory to the extent that it is not objected to. If an objection is interposed to the entirety of an interrogatory, no answer is required at that time.

1. <u>Interrogatory No. 10</u>

Plaintiff asks Defendants to identify all Millennium employees who were terminated from their employment with Millennium from November 15, 2010, to November 15, 2012. Defendants' primary objections are relevance, overbreadth and protecting third-party privacy rights. Plaintiff asserts that this "me, too" evidence is generally discoverable and admissible. All of the cases cited by Plaintiff, however, are in the context of workplace discrimination and not retaliation. (*See* ECF No. 68-1). And, in many of those cases, plaintiffs alleged a pattern and practice of discrimination against a group to which plaintiff belonged. (*Id.*). The Court was unable to find a single case, under the False Claims Act ("FCA") retaliation section, 31 U.S.C. § 3730(h), in which the type of discovery requested by Plaintiff was authorized.

The Court agrees, however, that if similarly situated employees were terminated for raising similar issues regarding the lawfulness of certain of Defendants' business practices, this information may be relevant. This Interrogatory, however, is grossly overbroad to that purpose. The Court will rewrite it, however, to require Defendants to identify Millennium employees

terminated from November 15, 2010, to November 15, 2012, whose personnel records reflect concerns expressed regarding the lawfulness of Millennium's billing practices. For now, the identifying information for any such individuals may be redacted. The employees may be identified by dates of employment, job title and location. If redacted information is produced, the parties must meet and confer regarding the best means to contact these individuals and determine their interest in being interviewed or deposed in connection with this case. The Court will intervene as needed.

2. <u>Interrogatory No. 11</u>

Plaintiff asks Defendants to identify all claims brought by current, former, or prospective employees or independent contractors for retaliation, whether formal or informal, against Millennium, or any of its agents or employees, from 2008 through 2014. Defendants assert objections for relevance, overbreadth and third-party privacy. Plaintiff again asserts that "me, too" evidence generally is discoverable and admissible. As with Interrogatory No. 10, Plaintiff cites no FCA retaliation cases supporting this type of discovery, relying on cases from the discrimination context.

Despite the gross overbreadth of this Interrogatory, it is closer to the mark than Interrogatory No. 10 and the Court will deal with it similarly. Defendants must identify claims brought by Millennium employees from November 15, 2010, to November 15, 2012, of retaliation for raising concerns regarding the lawfulness of Millennium's billing practices. For now, the identifying information for any such individuals may be redacted. The claimants may be identified by dates of employment, job title and location. If redacted information is produced, the parties must meet and confer regarding the best means to contact these individuals and determine their interest in being interviewed or deposed in connection with this case. The Court will

4

intervene as needed.

### B. Requests for Production ("RFP")

#### 1. RFP No. 5

Originally requesting the production of the personnel files for all of Plaintiff's supervisors, any Millennium employee to be called to testify in the instant case, and eleven named persons, Plaintiff smartly reduced the request to just one person, Elizabeth Peacock, Plaintiff's supervisor at the time of his termination. Defendants object for relevance and privacy. Plaintiff asserts that it is relevant to test the reasons for Plaintiff's termination. The Court finds relevance lacking. The objection is sustained.

#### 2. RFP No. 7

Plaintiff requests the production of all documents or communications relating between any employees in which Plaintiff was discussed or referenced from January, 2011 to the "present." Plaintiff asserts that the relevance of this information is to challenge whether Plaintiff was he was terminated for performance, as claimed, or for retaliation, as he claims. Defendants properly object to the date range; Plaintiff has not sufficiently showed any relevance regarding Plaintiff following his termination. Defendants also assert that it is unable to respond because Plaintiff has not proposed a protocol or search terms to search Defendants electronic records.

First, the Court finds that the range should be limited to January 1, 2011 to November 12, 2012. Second, Defendants' objections regarding Plaintiff's refusal to cooperate in establishing an ESI (electronically stored information) protocol are frivolous. The mere fact that information is stored electronically does not relieve a defendant from preserving, collecting, analyzing and producing non-privileged, relevant information. Plaintiff's refusal to cooperate in that endeavor disadvantages Plaintiff; Plaintiff cannot

be heard to complain about the results if he does not participate in the process and Defendants act reasonably. This is a relatively straightforward case – was Plaintiff terminated in retaliation for raising issues regarding the lawfulness of Defendants' billing practices, as he claims, or was he terminated for business reasons related to his performance on the job? The objection is sustained in part and overruled in part. Defendants must respond to this request limited to the date range ordered above and limited to discussions regarding Plaintiff's performance on the job or Plaintiff's complaints regarding the lawfulness of Defendants' billing practices.

Regarding this RFP, the Court is concerned that Defendants failed to satisfy their obligations under Rule 34. First, Defendants failed to state that they are withholding information based upon their objections. Of greater concern, and unlike the other RFPs, there clearly is information requested by this RFP that is relevant and non-objectionable. Non-privileged communications about Plaintiff's job performance and about any complaints he expressed regarding the manner that Millennium conducted business, were and are discoverable. Defendants were obligated, under Rule 34, to produce this material. No sanctions will be imposed at this time, but counsel needs to refresh themselves regarding revised Rule 34.

3. <u>RFP No. 15</u>

Plaintiff requests the production of documents "relating to employees, agents, and/or contractors complaints or concerns regarding Millennium's business practices or treatment of employees or former employees from January 1, 2011, to January 1, 2016." Defendant objects for relevance, overbreadth and third-party's privacy. This is patently overbroad and devoid of any apparent connection to any claim or defense in this case. Plaintiff offered to limit the RFP to complaints about urine testing but, as Defendants

6

say, urine testing is the primary business of Defendants. The Court cannot rewrite this RFP; it is terminally overbroad. The objection is sustained.

### 4. RFP No. 16

Plaintiff requests the production of documents related to claims of retaliation from 2008 through 2014 brought by persons identified in response to Interrogatory No. 11. Defendants' objections to overbreadth, relevance and privacy are sustained in part and overruled in part. Defendants must produce documents related to complaints identified in response to Interrogatory No. 11, as limited by the Court to the period November 15, 2010, to November 15, 2012. The documents may be redacted to eliminate identifying information of the claimant except for dates of employment, job title and location. If redacted information is produced, the parties must meet and confer regarding the best means to contact these individuals and determine their interest in being interviewed or deposed in connection with this case. The Court will intervene as needed.

### 5. RFP No. 17

Plaintiff requests the production of documents relating to presentations by Howard Appel and Martin Price at the January 2012 Millennium conference. Defendants object for relevance and overbreadth. Plaintiff asserts that although post-termination, the presentation describes Defendants attitude and actions against former employees. Defendants respond that the presentation did mention former employees, not Plaintiff, who were accused of trade secret theft and breach of contract. None of those individuals raised FCA claims and none raised claims of retaliation. Plaintiff nonetheless asserts that he continued to be retaliated against post-termination and the presentation is relevant to that part of his claim. As Defendants accurately state, the FCA does not provide a remedy for post-

employment retaliation.  (*See* ECF No. 68 at 43 (using CM/ECF pagination)).  Defendants' objections are sustained.

## Conclusion

Defendants' objections are sustained in part and overruled in part as provided above.  To the extent that Defendants have been ordered to produce responses and documents, such responses and documents must be provided within fourteen (14) days of the entry of the Order, except that Defendants may have thirty (30) days to provide documents pursuant to RFP No. 7, absent contrary agreement of the parties or further Order of the Court.

**IT IS SO ORDERED.**

Dated: August 15, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge