UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN UEHLING,<br><br>                            Plaintiff,<br><br>v.<br><br>MILLENNIUM LABORATORIES, INC.,<br><br>                            Defendant. | Case No.: 16cv2812-L-MDD<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER RE: SUBPOENA TO THIRD-PARTY WARD LAW FIRM**<br><br>**[ECF NO. 109]** |

      Before the Court is Defendant's Motion for Protective Order regarding a subpoena duces tecum served by Plaintiff upon the Ward Law Firm calling for the production of deposition transcripts taken in another case. (ECF No. 109). Defendant asserts that it is the real party-in-interest and can move for this protection under Rule 26(c). The motion was filed on December 22, 2017. (*Id.*). Plaintiff responded in opposition on January 5, 2018. (ECF No. 111). Defendant raises issues regarding the propriety of the subpoena under Rule 45, Fed. R. Civ. P., relevance, timeliness, and reports that some of the transcripts are subject to a protective order issued in the other case.

//

# DISCUSSION

1. Compliance with Rule 45

Rule 45, Fed. R. Civ. P., governs subpoenas to third parties. Rule 45(a)(4) requires that a party intending to serve a subpoena requiring the production of documents, serve a notice and copy of the subpoena on all parties prior to service upon the person to whom the subpoena is directed.

Here, Plaintiff served a copy of a subpoena to the Ward Law Firm, dated November 3 with a compliance date of November 17, 2017, upon Defendant. (ECF No. 109-6). Apparently, that subpoena was not served on the Ward Law Firm. Instead, Plaintiff served a subpoena dated November 28, with a compliance date of December 1, 2017, upon the Ward Law Firm. Defendant complains that this subpoena was not served upon it prior to service to the Ward Law Firm as required. (ECF No. 109-1 at 5). Plaintiff appears to concede that the later-issued subpoena was not served upon Defendant in advance but since it is identical to the November 3 subpoena, Defendant was on notice. Plaintiff asserts, in fact, that Defendant should have sought relief from the Court, if it intended to do so, in response to the November 3 subpoena.

Defendant was under no obligation to seek relief from the Court regarding a subpoena never served on the person to whom it was directed. Plaintiff should have served Defendant with a notice that it reissued the subpoena. Once the Ward Law Firm objected to the subpoena, Defendant was under no obligation to act at all.

On November 30, 2017, the Ward Law Firm objected to the subpoena for improper service, requiring compliance beyond 100 miles and for insufficient time to comply. (ECF No. 109-7). Rule 45(d)(2)(B)(i) provides that after receiving an objection from the commanded person, Plaintiff had

the option of moving for compliance, on notice to the commanded person "in the district where compliance is required."  Plaintiff, if it was interested in obtaining the documents, was required to file a motion to compel in the Northern District of California.  *Id.*  Plaintiff did not do so.

Had Plaintiff moved to compel, there is every likelihood that the subpoena would be quashed or modified.  Under Rule 45(d)(3)(A)(i), (ii), the court for the district in which compliance is required must quash or modify a subpoena that fails to allow a reasonable time to comply or requires a person to comply beyond the geographical limits specified in Rule 45(c)(2).  Rule 45(c)(2) provides that a subpoena for documents may command compliance at a place "within 100 miles of where the person resides, is employed, or regularly transacts business in person."  There is no evidence that the Ward Law Firm, located in The Woodlands, Texas, does business within 100 miles of San Jose, California.   And requiring compliance within 3 days appears unreasonable considering that at least some of the transcripts may be covered by a protective order.

This Court, accordingly, is without jurisdiction to compel compliance with this subpoena or to quash or modify it.  As matters stand, having objected to production, the Ward Law Firm is under no obligation to comply with the subpoena.

2. Relevance

Perhaps out of an abundance of caution, Defendant brought the instant motion for a protective order.  Regarding the merits of Defendant's motion, the Court finds that there is a real question regarding relevance.  This Court previously has addressed the extent of discoverability of "me, too" evidence in this case.  In an Order dated August 15, 2017, the Court expressed skepticism regarding the admissibility of "me, too" evidence in the context of

this False Claims Act retaliation case noting that the only cases in which this sort of evidence is routinely gathered and used is workplace discrimination. (ECF No. 72 at 3). Nonetheless, the Court found that if similarly situated employees were terminated for raising similar issues regarding the lawfulness of certain of Defendants' business practices, this information may be relevant. (*Id.*). The Court required Defendant to produce information regarding employees terminated from November 15, 2010, to November 15, 2012, whose personnel records reflect concerns expressed regarding the lawfulness of Millennium's billing practices. (*Id.* at 3-4).

The transcripts at issue were taken in connection with *Jodie Strain v. Millennium Laboratories, Inc.,* Montgomery County District Court, Texas, Case No. 12-02-02276-CV, apparently involving the alleged unlawful termination by Defendant of Ms. Strain. The case was removed to the District Court for the Southern District of Texas and later remanded to state court. Defendant asserts that Ms. Strain does not fit within the scope of discovery authorized by the Court because she was not terminated for raising issues regarding Defendant's billing practices. (ECF No. 109-1 at 3).[1] Plaintiff alleges that Ms. Strain was terminated during the relevant period "after her complaints about illegal billing practices at Millennium." (ECF No. 111 at 4). Plaintiff cites to ¶ 6 of the Declaration of Micaela P. Banach in support of this proposition. (*Id.*). That paragraph only recites the employment dates of Ms. Strain and says nothing about the reasons for her termination. (ECF No. 111-1, ¶ 6). The Court finds that Plaintiff has not demonstrated relevance.

---

[1] The Court will refer to pagination supplied by CM/ECF rather than original pagination throughout.

4

### 3. Protective Order

The *Strain* case protective order was filed as an exhibit to this motion. (ECF No. 109-4). It has continuing vitality because it provides that even after the litigation closed, a party seeking records governed by the protective order could only receive it with permission of the producing party or by seeking a modification from the Court. (*Id.* ¶ 14). Even if the Court could be convinced that some of the depositions taken in *Strain* may contain relevant information, permission would have to be obtained from the court in *Strain* to produce any such information covered by the protective order in that case.

### 4. Timeliness

Defendant also complains about the timing of the subpoena. The Scheduling Order issued by the Court provides that "[a]ll subpoenas issued for discovery must be returnable on or before the discovery cutoff date." (ECF No. 54, ¶3). The initial subpoena to the Ward Law Firm was dated November 3, 2017, with a compliance date of November 17, 2017. (ECF No. 109-6). That subpoena, as discussed above, was served on Defendant but not on the Ward Law Firm, the target of the subpoena. At that time, the operative Scheduling Order called for discovery to close on November 10, 2017. (ECF No. 75). On November 1, 2017, the parties jointly moved the Court to extend all discovery deadlines to December 22, 2017. (ECF No. 93). The next day, November 2, 2017, the Court granted the motion in part, extending only the deadline to complete depositions to December 8, 2017. (ECF No. 94).

The initial subpoena conflicted with the Scheduling Order but the Court finds no fault considering that the parties had agreed and moved the Court to extend discovery to December 22, 2017. The Court accepts that its rejection, in part, of that motion, was unexpected. That said, when Plaintiff reissued

and first served the subpoena on the Ward Law Firm on November 28, 2017, it was 18 days after the close of document discovery. The subpoena is not enforceable.

## CONCLUSION

Defendant's Motion for Protective Order is **GRANTED.**

**IT IS SO ORDERED.**

Dated: January 9, 2018

_____
Hon. Mitchell D. Dembin
United States Magistrate Judge